JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

18-cv-2005

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
GREAYS MENDOZA

## DEFENDANTS
DIVERSIFIED CONSULTANTS INC.

**(b)** County of Residence of First Listed Plaintiff  Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

18-2005

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Vicki A. Piontek, Esquire, Piontek law Office, 951 Allentown Road, Lansdale, PA 19446; (v) 877-737-8617; palaw@justice.com

Attorneys *(If Known)*
Richard J. Perr, Esquire, Fineman Krekstein & Harris, P.C., Ten Penn Center, Suite 1100, 1801 Market Street, Philadelphia, PA 19103; (v) 215-893-9300; rperr@finemanlawfirm.com

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care / | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1   Original Proceeding
- ☒ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Fair Debt Collection Practices Act 15 USC sec. 1692 & Telephone Consumer Protection Act, 42 USC sec. 227

Brief description of cause:
Plaintiff sued Dft alleging violations of Fair Debt Collection Practices Act & Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions:)*
JUDGE _____   DOCKET NUMBER _____

DATE
05/11/2018

SIGNATURE OF ATTORNEY OF RECORD
*Richard J Perr*   RJP #156

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA --- DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: ____447 East Airy Street, Norristown, PA 19401____

Address of Defendant: ____10550 Deerwood Park Blvd., # 309, Jacksonville, FL 32256____

18 2005

Place of Accident, Incident or Transaction: _Montgomery County_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% of more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed. R. Civ. P. 7.1(a))     Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?     Yes ☐  No ☒
*RELATED CASE IF ANY*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐  No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐  No ☑

**CIVIL:** (Place ✓ in ONE CATEGORY ONLY)
A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) (15 U.S.C. sections 1692, et seq.)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability -- Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

### ARBITRATION CERTIFICATION
(Check appropriate Category)

I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

**DATE:** _____   _____   _____
Attorney-at-Law                     Attorney I.D.#
**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

**DATE:** _05/11/2018_   Richard J. Perr   RJP #156   72883
Richard J. Perr, Esquire          Attorney I.D.#
Attorney for Defendant.

CIV. 609 (6/08)
{01441364;v1}

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA



CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| GREAYS MENDOZA,<br>Plaintiff | : | CIVIL ACTION |
| v. | : | |
| DIVERSIFIED CONSULTANTS INC.,<br>Defendant | : | NO. **18** **2005** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff's Social Security Benefits.  ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.  (X)

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.  ( )

5/11/2018                _Richard J. Perr_  RJP#156
Date                     RICHARD J. PERR, ESQUIRE     Attorney for Defendant

215-893-8724             215-893-8719                 rperr@finemanlawfirm.com
Telephone                FAX Number                   E-Mail Address

{01441353;v1}(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GREAYS MENDOZA, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| DIVERSIFIED CONSULTANTS INC., | : | |
| Defendant | : | NO. |

FILED
MAY 11 2018
KATE BARKMAN, Clerk
By _____ Dep. Clerk

## NOTICE OF REMOVAL

Defendant Diversified Consultants Inc. ("Defendant" or "DCI"), by its undersigned counsel, hereby petitions this Court as follows, pursuant to 28 U.S.C. § 1441(a):

1.    DCI is a defendant in an action pending in the Court of Common Pleas of Montgomery County, Civil Action No. 2018-03352 ("the State Court Action"). A true and correct copy of the Complaint in the State Court Action is attached hereto as Exhibit "A".

2.    Plaintiff in the State Court Action is Greays Mendoza ("Plaintiff"). See Exhibit "A".

3.    Plaintiff's State Court Action alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., and the Telephone Consumer Protection Act, 42 U.S.C. § 227.

4.    The State Court Action involves a question of federal law. Pursuant to 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5.    Pursuant to 28 U.S.C. § 1441(a), "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6.      Since this case arises out of alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and the Telephone Consumer Protection Act, 42 U.S.C. § 227, Defendant may properly remove the State Court Action to this Court based on 28 U.S.C. § 1441(a).

7.      This Notice has been filed with the Court within thirty (30) days after purported service of the Complaint on Defendant.

WHEREFORE, Defendant Diversified Consultants Inc. prays that the State Court Action be removed from the Court of Common Pleas of Montgomery County, Civil Action No. 2018-03352, to this Court for proper and just determination.

FINEMAN KREKSTEIN & HARRIS, P.C.

$RJP \# 156$

By:      _____

RICHARD J. PERR, ESQUIRE
MONICA M. LITTMAN, ESQUIRE
(PA Atty. I.D. Nos. 72883 & 94134)
Ten Penn Center
1801 Market Street, Suite 1100
Philadelphia, PA 19103-1628
(v) 215-893-9300; (f) 215-893-8719
rperr@finemanlawfirm.com
mlittman@finemanlawfirm.com
Attorneys for Defendant

Dated:   May 11, 2018

# CERTIFICATE OF SERVICE

I, RICHARD J. PERR, ESQUIRE, hereby certify that on this date I served a true and

correct copy of the foregoing electronically via the Court's CM/ECF system, by first class mail,

postage prepaid, and/or email or facsimile on the following:

FILED

MAY 1 1 2018

By KATE BARKMAN, Clerk
Dep. Clerk

Vicki A. Piontek, Esquire
Piontek Law Office
951 Allentown Road
Lansdale, PA 19446
(v) 877-737-8617; (f) 866-408-6735
palaw@justice.com

RUP#156

_Richard J Perr_
RICHARD J. PERR, ESQUIRE

Dated:   May 11, 2018

# EXHIBIT A

Case# 2018-03352-2 Docketed at Montgomery County Prothonotary on 04/09/2018 10:05 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

GREAYS MENDOZA

vs.

DIVERSIFIED CONSULTANTS INC

NO.  2018-03352

## NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY  BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

Case# 2018-03352-2 Docketed at Montgomery County Prothonotary on 04/08/2018 10:05 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

| | | |
|---|---|---|
| Greays Mendoza | : | |
| 447 E AIRY ST | : | |
| Norristown, PA 19401 | : | 2018-03352 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| Diversified Consultants, Inc. | : | Jury Trial Demanded |
| 10550 Deerwood Park Blvd #309 | : | |
| Jacksonville, FL 32256 | : | |
| Defendant | : | |

### NOTICE

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERENCE SERVICE
MONTGOMERY COUNTY BAR ASSOCATION
100 West Airy Street (REAR), NORRISTOWN, PA 19401
(610) 279-9660, EXTENSION 201

Montgomery County Legal Aid Services
625 Swede Street, Norristown, PA 19401
610-275-5400

Case# 2018-03352-2 Docketed at Montgomery County Prothonotary on 04/08/2018 10:05 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

| | | |
|---|---|---|
| Greays Mendoza | : | |
| 447 E AIRY ST | : | |
| Norristown, PA 19401 | : | 2018-03352 |
| Plaintiff | : | |
| v. | : | |
| Diversified Consultants Inc. | : | Jury Trial Demanded |
| 10550 Deerwood Park Blvd #309 | : | |
| Jacksonville, FL 32256 | : | |
| Defendant | : | |

## **COMPLAINT**

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s)' alleged violations of the Telephone Consumer Protection Act, 47 USC § 227 et. seq. (hereinafter "TCPA"), as well as for Defendant(s) alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

2. Jurisdiction is proper in this jurisdiction because Defendant(s) regularly transact(s) business throughout this jurisdiction.

3. Defendant obtains the benefit(s) of regularly transacting business in this jurisdiction.

4. As substantial portion of the transaction(s), occurrence(s), act(s) or omissions occurred in this jurisdiction.

Case# 2018-03352-2 Docketed at Montgomery County Prothonotary on 04/08/2018 10:05 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified
Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

5.  Venue is proper because substantially portion of the conduct complained of occurred in
    this jurisdiction.

6.  Plaintiff is Greasy Mendoza, an adult individual with a current address of 447 E. AIRY
    ST, Norristown, PA 19401.

7.  Defendant is Diversified Consultants Inc., a business engaged in consumer debt
    collection with a principle place of business located at 10550 Deerwood Park Blvd #309,
    Jacksonville, FL 32256.

Case# 2018-03352-2 Docketed at Montgomery County Prothonotary on 04/08/2018 10:05 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## COUNT ONE:  VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 USC § 227 ET. SEQ.

8.  The previous paragraphs are incorporated by reference and made a part of this complaint.

9.  In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

Case# 2018-03352-2 Docketed at Montgomery County Prothonotary on 04/08/2018 10:05 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

12. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that
    autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf
    of a creditor) are permitted only if the calls are made with the "prior express consent" of
    the called party. The FCC "emphasize[d] that prior express consent is deemed to be
    granted.

13. At all times relevant, Plaintiff was a "person" as defined by 47 U.S.C. § 153(10).

14. Prior to the commencement of this action, Plaintiff's mother, Isabel Bermudez, engaged
    in a consumer credit transaction which was the subject of Defendant's collection activity.

15. Plaintiff's mother's account went into collections, and the account was referred to
    Defendant(s) for the purpose of collection.

16. The account which pertained to Plaintiff's mother was a consumer account because it was
    for person, household or family purposes.

17. At no time did Plaintiff or Plaintiff's mother provide Defendant with Plaintiff's cell
    phone number.

Case# 2018-03352-2 Docketed at Montgomery County Prothonotary on 04/08/2018 10:05 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

18. At no time did Plaintiff or Plaintiff's mother provide the original alleged creditor for the account that was the subject of Defendant's collection activity with Plaintiff's cell phone number.

19. It is believed and averred that Defendant used some method or mechanism to look up Plaintiff's cell phone number in order to facilitate the calls.

20. On various occasions within the applicable statute of limitations prior to the commencement of this action, Defendant contacted Plaintiff on Plaintiff's cellular telephone.

21. It is believed and averred that several of the telephone calls by Defendant to Plaintiff on Plaintiff's cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

22. It is believed and averred that one or more of the telephone calls placed by Defendant to Plaintiff's cellular telephone were made using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 et. seq.

23. Such automated calls were made by Defendant(s) to Plaintiff's cellular telephone service as defined in 47 U.S.C. § 227(b)(1)(A)(iii).

Case# 2018-03352-2 Docketed at Montgomery County Prothonotary on 04/08/2018 10:05 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified
Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

24. Plaintiff did not provide "express consent" to receive automated telephone calls on Plaintiff's cellular telephone.

25. The calls that were made by Defendant(s) to Plaintiff's cellular telephone were not made for emergency purposes.

26. Defendant's telephone calls to Plaintiff's cellular phone utilizing an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

27. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

28. Plaintiff believes and avers that Plaintiff received no less than 10 automated calls on Plaintiff's cell phone from Defendant(s), and probably more that came in, but Plaintiff was not able to document.

Case# 2018-03352-2 Docketed at Montgomery County Prothonotary on 04/08/2018 10:05 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**COUNT TWO:  VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT,**
**15 USC 1692f, et. seq.**
**Unlawful and Unconscionable Collection Activity**

29. All previous paragraphs of this complaint are incorporated by reference and made a part
of this portion of the complaint.

30. At all relevant times mentioned in this Complaint, Plaintiff's mother, Isabel Bermudez,
was a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA),
15 USC 1692 et. seq.

31. At all times mentioned in this Complaint Defendant was acting as a debt collector as
defined by the FDCPA, 15 USC 1692 et. seq.

32. At all times mentioned herein, Defendant(s) was / were  attempting to collect on an
alleged consumer debt against Plaintiff's mother.

33. Within the applicable statue of limitations prior to the commencement of this action,
Defendant(s) contacted Plaintiff by telephone and violated the above referenced
provisions of TCPA.

34. 15 USC 1692 f of the FDCPA prohibits a debt collector from engaging in any unlawful,
illegal or unconscionable collection activity while the debt collector is attempting to
collect a debt.,

Case# 2018-03352-2 Docketed at Montgomery County Prothonotary on 04/08/2018 10:05 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

35. By violating TCPA, Defendant(s) also violated 15 USC 1692 f, et, seq., by engaging in unlawful, illegal and unconscionable collection activity.

36. Plaintiff was the daughter of the intended recipient of Defendant(s)' aforementioned telephone calls, and was affected by such calls. Plaintiff therefore has standing under 15 USC 1692k to sue under the FDCPA.

Case# 2018-03352-2 Docketed at Montgomery County Prothonotary on 04/08/2018 10:05 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified
Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**COUNT THREE: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
(FDCPA), 15 USC 1692e and 15 USC 1692f, et. seq.
Unlawful and Unconscionable Collection Activity
"Spoofing"**

37. The previous paragraphs of this Complaint are incorporated by reference and made a part

of this Complaint.

38. Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act

(FDCPA), 15 USC 1692 et. Seq.

39. Defendant is a debt collector as defined by the FDCPA, 15 USC 1692 et. seq.

40. Defendant is engaged in the practice of collecting primarily consumer debts against

people throughout the United States.

41. At all times mentioned herein, Defendant(s) was attempting to collect on an alleged

consumer debt against Plaintiff's Mother, Isabel Bermudez.

42. 15 USC 1692 f of the FDCPA prohibits a debt collector from engaging in any unlawful,

illegal or unconscionable collection activity while Defendant(s) was attempting to collect

a consumer debt from an unknown person, but not Plaintiff.

Case# 2018-03352-2 Docketed at Montgomery County Prothonotary on 04/08/2018 10:05 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified
Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

43. 15 USC 1692e of the FDCPA prohibits a debt collector from engaging in any misleading or false collection activity while Defendant(s) was attempting to collect a consumer debt from Plaintiff.

44. During the approximate timeframe of February, 2018, Defendant contacted Plaintiff by telephone and used the following telephone numbers on its called ID as the identification number when Defendant called Plaintiff.

    a.    215-372-1655

    b.    215-372-1685

    c.    215-372-1688

45. Defendant's office is located in Jacksonville, Florida.

46. The above referenced telephone numbers that appeared as Defendant's caller ID are Pennsylvania phone numbers, and not Jacksonville, Florida telephone numbers.

47. It is believed and averred that that the phone call originated outside of the state of Pennsylvania.

48. It is believed and averred that Defendant does not have a place of business located in Pennsylvania that corresponds to the above referenced telephone numbers that appeared on Defendant's caller ID.

Case# 2018-03352-2 Docketed at Montgomery County Prothonotary on 04/08/2018 10:05 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

49. It is believed and averred that the use of the above referenced telephone telephone
numbers on Defendant's caller ID was deceptive and confusing to the consumer because
the appearance of the such telephone phone numbers gave the false impression to
Plaintiff that the phone call was coming from Pennsylvania when in fact the phone call
was not coming from Pennsylvania.

50. It is believed and averred that the use of the false caller ID numbers was a violation of 15
USC 1692e, failure to disclose identity, and 15 USC 1692 f deceptive and
unconscionable collection practices.

51. Using a fake caller ID is colloquially referred to as "spoofing."

52. Under the Truth in Caller ID Act, FCC rules prohibit any person or entity from transmitting
misleading or inaccurate caller ID information *with the intent to defraud, cause harm, or
wrongly obtain anything of value.* If no harm is intended or caused, spoofing is not illegal.
Anyone who is illegally spoofing can face penalties of up to $10,000 for each violation. In
some cases, spoofing can be permitted by courts for people who have legitimate reasons to
hide their information, such as law enforcement agencies working on cases, victims of
domestic abuse or doctors who wish to discuss private medical matters.  See FCC website
https://www.fcc.gov/consumers/guides/spoofing-and-caller-id.

Case# 2018-03352-2 Docketed at Montgomery County Prothonotary on 04/08/2018 10:05 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

53. Defendant's misconduct was deceptive because it created the false impression that that call originated form a local caller to entice Plaintiff or Plaintiff's daughter to take the call.

54. Defendant's misconduct was unconscionable because it violated the Truth in Caller ID Act, and because it was deceptive

Case# 2018-03352-2 Docketed at Montgomery County Prothonotary on 04/08/2018 10:05 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## LIABILITY

55. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

56. Defendant(s) is liable to Plaintiff(s) for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

57. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

58. Any mistake made by Defendant(s) would have included a mistake of law.

59. Any mistake made by Defendant (s) would not have been a reasonable bona fide mistake.

Case# 2018-03352-2 Docketed at Montgomery County Prothonotary on 04/08/2018 10:05 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## DAMAGES

60. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

61. At least $1.00 actual damages, including but not limited to phone, fax, stationary, postage, etc.

62. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory under the FDCPA 15 USC 1692k, and under TCPA.

63. Plaintiff believes and avers that Plaintiff is entitled to at least $500.00 per call that Plaintiff received from Defendant(s) in violation of TCPA.

64. Plaintiff believes and avers that there was at least 10 separate automated telephone calls to Plaintiff's cell phone which were made by Defendant(s), thereby warranting no less than $5,000 in statutory damages.

65. Plaintiff suffered emotional distress with a Dollar value to be proven at trial.

Case# 2018-03352-2 Docketed at Montgomery County Prothonotary on 04/08/2018 10:05 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**ATTORNEY FEES**

66. All previous paragraphs of this complaint are incorporated by reference.

67. If Plaintiff prevails in this action, Plaintiff is entitled to reasonable attorney fees.

68. Plaintiff believes and avers that Plaintiff's attorney fees are at a reasonable rate of $350 per hour or other amount determined by this Honorable Court

69. in this matter at a rate of no less than $350 per hour, or other rate that this Honorable Court deems just and fare, pursuant the fee shifting provision of TCPA and FDCPA.

70. Plaintiff Plaintiff's attorney fees of $1,740.00 at a rate of $350.00 per hour, are enumerated below.

a. Consultation with client, drafting and review of complaint    1

b. Drafting, editing, review, filing and service of
complaint and related documents                                  2

c. Follow up With Defense and client                             2

$5 \times \$350 = \$1,750$

71. Plaintiff's attorney fees continue to accrue as the case move forward.

**72.** The above stated attorney fees include prosecution of this complaint to the date of the instant filing and reasonable follow up.

Case# 2018-03352-2 Docketed at Montgomery County Prothonotary on 04/08/2018 10:05 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## OTHER RELIEF

73. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

74. Plaintiff seeks injunctive relief barring further unlawful collection activity.

75. Plaintiff requests / demands a jury trial in this matter.

76. Plaintiff seeks fees and costs for prosecuting this action.

77. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

Case# 2018-03352-2 Docketed at Montgomery County Prothonotary on 04/08/2018 10:05 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $7,751.00.

$1.00 actual damages more or less for postage, stationary , fax, etc.

$1,000.00 statutory damages under the FDCPA

$5,000 statutory damages under TCPA

$1,750.00 attorney fees

_____

$7,751

Plaintiff seeks such other relief as the Court deems just and fair.

/s/ Vicki Piontek                         3/30/18

_____        _____
Vicki Piontek, Esquire              Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax: 866-408-6735
palaw@justice.com

Case# 2018-03352-2 Docketed at Montgomery County Prothonotary on 04/08/2018 10:05 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

Greays Mendoza                          :
447 E AIRY ST                           :
NORRISTOWN, PA 19401                    :        2018-03352
                          Plaintiff      :
                                         :
v.                                       :
Diversified Consultants Inc.             :        Jury Trial Demanded
10550 Deerwood Park Blvd #309            :
Jacksonville, FL 32256                   :
                          Defendant      :

**VERIFICATION**

I, Greays Mendoza, have read the attached complaint. The facts stated in the complaint are true and accurate to the best of my knowledge, understanding and belief.

**Signature:** Greays C. Mendoza (Mar 22, 2018)

**Email:** greays@yahoo.com