IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREAYS MENDOZA | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 18-2005 |
| DIVERSIFIED CONSULTANTS, INC. | : |

**MEMORANDUM**

**SURRICK, J.**                                                                                                                  JUNE 18, 2019

Presently before the Court is Defendant's Partial Motion for Judgment on the Pleadings Seeking Dismissal of Plaintiff's Claims Under the Fair Debt Collection Practices Act. (ECF No. 12.) For the following reasons, the Motion will be granted in part and denied in part.

**I.    BACKGROUND**

In this action, Plaintiff Greays Mendoza alleges that Defendant Diversified Consultants, Inc. violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 42 U.S.C. § 227, *et seq.* ("TCPA"). The action was originally filed in the Court of Common Pleas of Montgomery County. It was removed to this Court on May 11, 2018. (Notice of Removal, ECF No. 1.) In this Motion, Defendant seeks dismissal of Plaintiff's claims under the FDCPA—Counts 2 and 3.[1]

**A.    Factual Background**

Plaintiff lives in Norristown, Pennsylvania. (Compl. ¶ 6, Notice of Removal Ex. 1.) Defendant is a consumer debt collection business with its principal place of business located in Jacksonville, Florida. (*Id.* ¶ 7.) Plaintiff's mother, Isabel Bermudez, was the creditor subject to

---

        [1] Defendant does not seek dismissal of Plaintiff's claim under the TCPA (Count 1) at this time.

Defendant's collection activity. (*Id.* ¶ 14.) As a result of a consumer credit transaction, Ms. Bermudez's account went into collections. (*Id.* ¶ 15.) Neither Plaintiff nor Plaintiff's mother provided Defendant with Plaintiff's cell phone number. (*Id.* ¶ 17.) Defendant contacted Plaintiff on Plaintiff's cell phone "on several occasions" about her mother's consumer debt. (*Id.* ¶ 20.) Plaintiff alleges that several of Defendant's calls were made using an automatic telephone dialing system. (*Id.* ¶ 21.) Plaintiff never provided "express consent" to receive automated telephone calls on her cell phone. (*Id.* ¶ 24.) Plaintiff alleges that she received "no less than 10 automated calls" on her cell phone about her mother's consumer debt. (*Id.* ¶ 28.) In February 2018, Defendant contacted Plaintiff's cell phone using the following telephone numbers: (a) 215-372-1655; (b) 215-372-1685; and (c) 215-372-1688. (*Id.* ¶ 44.) Plaintiff states that, despite using area codes associated with Pennsylvania telephone numbers, Defendant originated the calls from its office in Jacksonville, Florida. (*Id.* ¶¶ 45-48.) Plaintiff alleges that this use of "false caller ID" constitutes "spoofing" in violation of the FDCPA. (*Id.* ¶¶ 50-52.)

**B.    Procedural History**

On March 30, 2018, Plaintiff filed a complaint in Montgomery County. (Compl.) On May 11, 2018, the case was removed to this Court. (Notice of Removal.) Defendant filed an Answer to the Complaint on May 18, 2018. (ECF No. 5.) On September 7, 2018, Defendant filed this Motion for Judgment on the Pleadings. (Mot. Jgmt., ECF No. 12.) Plaintiff filed a Response to the Motion on October 1, 2018. (Pl.'s Resp., ECF No. 17.) On October 5, 2012, Defendant filed a Reply. (ECF No. 18.)

**II.    LEGAL STANDARD**

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R.

Civ. P. 12(c). The court evaluates a Rule 12(c) motion under the same standard as a motion to dismiss pursuant to Rule 12(b)(6). *See Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991); *see also Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) ("Under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved . . . ." (citation omitted)). "The only notable difference between these two standards is that the court, for a motion on the pleadings, reviews not only the complaint but also the answer and written instruments attached to the pleadings." *Brautigam v. Fraley*, 684 F. Supp. 2d 589, 591 (M.D. Pa. 2010) (citation omitted).

Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

Defendant seeks dismissal of Counts 2 and 3, both of which were brought under the FDCPA. In Count 2, Plaintiff alleges that Defendant, in an attempt to collect a debt owed by Plaintiff's mother, engaged in unlawful, illegal, and unconscionable activity, in violation of 15

3

U.S.C. § 1692f.[2] Specifically, Plaintiff alleges that Defendant violated the TCPA by contacting her using an automatic telephone dialing system, and that this in turn violated the FDCPA. In Count 3, Plaintiff alleges that Defendant violated the FDCPA by using telephone numbers with 215 Pennsylvania area codes. Specifically, Plaintiff alleges that the use of Pennsylvania area codes on calls that originated from Florida was both "unfair and unconscionable" under 15 U.S.C. § 1692f, and "false, deceptive, or misleading" under 15 U.S.C. § 1692e.[3] Plaintiff contends that Defendant's conduct was deceptive because it "created the false impression that the call originated from a local caller to entice" Plaintiff or Plaintiff's daughter to take the call." (Compl. ¶ 53.)

### A. Standing to Assert Claim Under FDCPA

As an initial matter, we must address Defendant's standing argument. Defendant contends that Plaintiff lacks standing to bring a claim under the FDCPA because she is not a "consumer" as contemplated by the Act. To establish standing, a plaintiff must allege facts demonstrating that she suffered "(1) an injury-in-fact; (2) that is fairly traceable to the defendant's challenged conduct; and (3) that is likely to be redressed by a favorable judicial decision." *St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 356 (3d Cir. 2018) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 590 (1992)). Defendant argues that, because the debt was owed by Plaintiff's mother and not Plaintiff, Plaintiff could not have been

---

[2] Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The section provides a non-exhaustive list of conduct that is deemed unfair and unconscionable. *Id.*

[3] Section 1692e of the FDCPA generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The section provides a non-exhaustive list of prohibited conduct. *Id.*

injured by Defendant's conduct. Defendant contends that Plaintiff therefore fails to establish the first element of the standard.

The FDCPA is a consumer protection statute that prohibits certain abusive, deceptive, and unfair debt collection practices. *See* 15 U.S.C. § 1692. It is the purpose of the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not completely disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). As a remedial statute, "the FDCPA must be broadly construed in order to give full effect to [this purpose]." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013) (citations omitted). The FDCPA expressly authorizes "a private cause of action against debt collectors who fail to comply with [its requirements]." *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 996-97 (3d Cir. 2011) (citing 15 U.S.C. § 1692k(d)).

Defendant's standing argument runs contrary to the FDCPA's private-enforcement provision. That provision, Section 1692k, states that "any debt collector who fails to comply with any provision of this subchapter *with respect to any person* is liable to such person . . . ." 15 U.S.C. § 1692k (emphasis added). Based on the express language of the statute, a cause of action belongs to "any person" who is aggrieved by a debt collector's conduct. The statute does not limit civil enforcement remedies to debtors or to "consumers," who are defined as "natural person[s] obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). The Third Circuit has interpreted the FDCPA broadly to grant standing to aggrieved non-debtors, stating that the statute "is intended to protect both debtors and non-debtors from misleading and abusive debt-collection practices." *Beck v. Maximus, Inc.*, 457 F.3d 291, 294 (3d Cir. 2006) (permitting plaintiff who was contacted by student loan servicer to bring FDCPA claims even though she did

not have an outstanding student loan); *see also Wenrich v. Robert E. Cole, P.C.*, No. 00-2588, 2001 WL 4994, at *3 (E.D. Pa. Dec. 22, 2000) ("Federal courts interpret Section 1692k(a) as a broad grant available to persons who are not obligated or allegedly obligated to pay the debt that the defendant sought to collect." (citation omitted)).

Certain sections of the FDCPA do require a plaintiff to be a consumer to assert a cause of action. *See, e.g.*, 15 U.S.C. § 1692g. However, the sections that Plaintiff alleges Defendant violated do not have such a requirement. Simply because Plaintiff did not owe a debt to Defendant does not preclude her from bringing claims against Defendant under Sections 1692e and 1692f of the FDCPA. Plaintiff alleges that Defendant made at least ten phone calls to Plaintiff's cell phone using an automated telephone dialing system. Plaintiff further alleges that she suffered emotional distress because of these calls. (Compl. ¶ 65.) Plaintiff has alleged an injury-in-fact and has standing with respect to the FDCPA claims asserted in her Complaint. *See Yentin v. Michaels, Louis & Assocs., Inc.*, No. 11-0088, 2011 WL 4104675, at *17 (E.D. Pa. Sept. 15, 2011) (holding that non-debtor wife had standing to assert claims under the FDCPA because she alleged harm as a result of defendant's conduct); *Eley v. Evans*, 476 F. Supp. 2d 531, 533 (E.D. Va. 2007) (holding that driver of repossessed vehicle had standing to assert claims under FDCPA even though he was not the debtor because "*any* aggrieved party may bring an action under the FDCPA" (emphasis in original)); *Dutton v. Wolhar*, 809 F. Supp. 1130, 1135 (D. Del. 1992) (concluding that son who received letter regarding debt incurred by his father had standing to bring suit under FDCPA). Plaintiff here has standing to assert claims under the FDCPA against Defendant.

### B. Use of Local Area Codes on Caller ID Under the FDCPA

In Count 3, Plaintiff alleges that Defendant, a company based in Florida, contacted Plaintiff by using telephone numbers with 215 Pennsylvania area codes as the caller identification. Plaintiff alleges that Defendant's use of these local phone numbers was "unfair and unconscionable" in violation of 15 U.S.C. § 1692f and "false, deceptive, or misleading" in violation of 15 U.S.C. § 1692e. She alleges that the use of these numbers "created the false impression that the call originated from a local caller to entice Plaintiff or Plaintiff's daughter to take the call." (Compl. ¶ 53.) The act of using local telephone numbers to appear on a recipient's caller ID is referred to as "spoofing." (*Id.* ¶ 51.)

In a nearly identical case in this District, Plaintiff's mother—Isabel Bermudez—brought claims against Defendant under Sections 1692e and 1692f of the FDCPA, arguing that Defendant's use of the 215 Pennsylvania area code was both deceptive and unconscionable. *See Bermudez v. Diversified Consultants Inc.*, No. 18-2004, 2019 WL 415569, at *3 (E.D. Pa. Feb. 1, 2019). The court concluded that the Defendant's use of local area codes did not violate either section of the FDCPA. We agree with the court's thorough and well-reasoned opinion.

#### 1. *False, Deceptive, or Misleading under 15 U.S.C. § 1692e*

It is a violation of Section 1692 of the FDCPA for a debt collector to use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e. "[A] specific plaintiff need not prove that *she* was actually confused or misled, only that the objective least sophisticated debtor would be." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 419 (3d Cir. 2015) (emphasis in original). "The gist of § 1692e is that 'where some aspect of a debt collector's communication—whether explicit or implied-has the purpose or effect of making a debtor more likely to respond, the

7

FDCPA requires that it be true.'" *Sparks v. Phillips & Cohen Assocs., Ltd.*, 641 F. Supp. 2d 1234, 1248 (S.D. Ala. 2008); *see also LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010).

Section 1692e includes 16 subsections that outline a non-exhaustive list of specific acts that violate the act. Within the statute's list of potential violations, Section 1692e prohibits: "the false representation that the debt collector is . . . affiliated with the United States or any state" (15 U.S.C. § 1692e(1)); the false representation of "the character, amount, or legal status of any debt" (*id.* § 1692e(2)(A)); "the false representation or implication an individual is an attorney or that any communication is from an attorney" (*id.* § 1692e(3)); "the threat to take any action that cannot legally be taken or that is not intended to be taken" (*id.* § 1692e(5)); "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" (*id.* § 1692e(10)); and "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company or organization." (*id.* § 1692e(14)).

Plaintiff has not identified any specific subsection that Defendant allegedly violated. However, "[a] debt collection practice may violate the FDCPA even if it does not fall within any of the enumerated circumstances set forth in Section 1692e." *Larsen v. JBC Legal Grp., P.C.*, 533 F. Supp. 2d 290, 299 (E.D.N.Y. 2008); *see also* 15 U.S.C. § 1692e (noting that the list of specific instances of violative conduct is provided "[w]ithout limiting the general application" of the statute's prohibition against false or deceptive means to collect a debt). We must therefore assess whether Defendant's use of local area codes violates Section 1692.

"In determining whether conduct not specifically prohibited by a subsection of § 1692 nevertheless constitutes a violation, courts have contrasted the alleged conduct with the

8

specifically listed conduct and considered the closeness of fit." *Bermudez*, 2019 WL 415569, at *3 (citing cases). In *Bermudez*, the court determined that the list of prohibited conduct in Section 1692e generally falls into three categories: "misleading consumers about the debt collector's identity; about the character of the debt itself, and about the consequences of a consumer's decision about the debt." *Id.* Here, as was the case in *Bermudez*, Plaintiff contends that Defendant's use of telephone numbers with local area codes was intended to entice Plaintiff to answer the phone call even though the call had not originated from Pennsylvania. This allegation presumably falls under the first category—conduct meant to mislead about the debt collector's identity. In *Bermudez*, the court concluded that use of a local area code did not violate Section 1692e because the statute is meant "to protect consumers from being misled about the nature of who the debt collector on the phone is, not merely from where that debtor collector is calling." *Bermudez*, 2019 WL 415569. We agree.

The FDCPA does not define "deceptive." Generally, "to deceive" means "to cause to accept as true or valid, what is false or invalid." Merriam-Webster's Collegiate Dictionary 297 (10th ed. 2000). By using a local area code, Defendant was not inducing Plaintiff to accept something inaccurate. The telephone numbers validly belong to Defendant.[4] The appearance of those local area code telephone numbers on Plaintiff's caller ID is not false or deceptive. *See Bermudez*, 2019 WL 415569, at *3; *see also Glover v. Client Servs., Inc.*, No. 07-81, 2007 WL 2902209, at *4 (W.D. Mich. Oct. 2, 2007) (dismissing claim under Section 1692e where debt collector caused plaintiff's caller ID to display "unavailable" when it called because no false information was transmitted to plaintiff).

---

[4] Defendant admits that it used 215 area codes to call Plaintiff's phone when Defendant's office is located in Jacksonville, Florida. (Answer ¶¶ 44-45.) Defendant contends that it was trying to reach Plaintiff's mother, Isabel Bermudez, and not Plaintiff, when it made those calls. (Answer ¶ 44.)

9

The situation would be different if Defendant had an actual person's name listed on the Plaintiff's caller ID. *See, e.g.*, *Knoll v. Allied Interstate, Inc.*, 502 F. Supp. 2d 943, 948 (D. Minn. 2007) (denying motion to dismiss claim under Section 1692e where debt collector used actual fictitious name on caller ID device). That would be providing false information to the recipient of the call. However, in this case, Defendant was not providing false information when it used telephone numbers with 215 area codes to contact Plaintiff. *See Bermudez*, 2019 WL 415569, at *4 ("This Court finds that the use of a particular phone number, by a Defendant whose business location is covered by a different area code, is not materially misleading information or prohibited conduct under the FDCPA."); *see also Scheffler v. Integrity Fin. Partners, Inc.*, No. 12-188, 2013 WL 9768539, at *4 (D. Minn. Oct. 28, 2013) (holding, on motion for summary judgment, that there was no FDCPA liability when debt collector used local telephone number to contact debtor).

          2.       *Unfair and Unconscionable under 15 U.S.C. § 1692f*

Plaintiff also argues that Defendant's conduct is actionable under Section 1692f, which prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Similar to Section 1692e, Section 1692f enumerates certain specific unfair or unconscionable acts and states that the list is non-exhaustive. *See* 15 U.S.C. § 1692f.

Plaintiff does not allege any specific subsection under which she asserts a claim. Instead, she generally alleges that Defendant's use of local area code telephone numbers to appear on her caller ID was unconscionable because it violated the Truth in Caller ID Act (the "ID Act"). The ID Act was a 2010 amendment to Section 227 of the TCPA, which was aimed at prohibiting "the manipulation of call-identification information." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 373 n.2 (2012). The ID Act prohibits the use of a caller identification system "to knowingly

10

transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value." 47 U.S.C. § 227(e). Plaintiff has not alleged any facts to suggest that Defendant intended to defraud, cause harm, or wrongfully obtain anything of value. Defendant's use of local telephone numbers does not, by itself, violate the ID Act.

Moreover, Plaintiff's allegations do not in any way relate to the types of acts that are prohibited by Section 1692f, nor do they reveal conduct by Defendant that can be construed as unfair or unconscionable. Section 1692f prohibits debt collectors from: collecting amounts not expressly authorized by agreement or law; soliciting, accepting, or depositing postdated checks; charging individuals for communications by debt collectors; threatening nonjudicial action; communicating through post cards; and using any language or symbol except for the debtor's address on envelopes. 15 U.S.C. § 1692f. Plaintiff complains that Defendant used Pennsylvania phone numbers to appear on her caller ID in an attempt to entice her to take the call. This complaint is wholly unrelated to the specific types of "unfair and unconscionable" conduct addressed by Section 1692f. *See Bermudez*, 2019 WL 415569, at *5 (noting that "an examination of the list of enumerated prohibitions in § 1692f reveals that the conduct [of using local telephone numbers] is not the type of conduct against which § 1692f was designed to protect consumers"); *see also Benyamin Grandovsky v. Hayt & Landau, LLC*, No. 15-6451, 2015 WL 7313863, at *3 (D.N.J. Nov. 20, 2015) (dismissing claim under Section 1692f where plaintiff failed to allege facts showing that defendant's acts were "'unfair or unconscionable' along the lines of the examples in the statute").

Plaintiff's allegations do not state a claim under either Section 1692e or Section 1692f of the FDCPA. As a result, Count 3 will be dismissed.

11

## IV. CONCLUSION

For the foregoing reasons, Defendant's Partial Motion for Judgment on the Pleadings Seeking Dismissal of Plaintiff's Claims Under the Fair Debt Collection Practices Act will be granted in part and denied in part. Count 3 will be dismissed. Defendant's Motion as to Count 2 will be denied.

An appropriate Order follows.

**BY THE COURT:**

**R. BARCLAY SURRICK, J.**